## SCHMIDT, Exr. v. HICKS, Admr.

Ohio Appeals, 1st Dist., Hamilton Co.

Dempsey & Dempsey and Closs & Closs, Cincinnati, for Schmidt.

Hicks & Hicks and Mallon & Vordenberg, Cincinnati, for Hicks.

CUSHING, J.

**DECEDENTS' ESTATES.**

(220 E) Judgment of probate court settling estate, directing executors to transfer to decedent's widow all of assets of estate in their hands, and reciting that all creditors had been paid, could not be collaterally attacked so long as it stood unreversed and unmodified.

**ACTIONS.**

(10 L2) Written instrument acknowledging indebtedness in specified sum as signer's share of loss in wheat speculation and reciting signer's agreement to take out life insurance policy in favor of himself and to assign it to his creditor to secure him in case of assignor's death before payment of his share of loss, held due and payable on date executed, and action brought 34 years after such date was barred by limitations of Section 11221 GC.

**DECEDENTS' ESTATES.**

(220 E) After judgment of probate court settling decedent's estate and directing executor to transfer all estate assets in his hands to decedent's widow, executor was not authorized to prosecute action on written acknowledgement of debt due decedent, since he was not real party in interest under Section 11241 GC.

**ACTIONS.**

(10 L2) Where debt to decedent's estate was barred by limitations of Section 11221 GC., it was not revived by insurance company's payment on policy taken out by debtor on his life, and assigned as collateral security for the debt, where debtor had not authorized company to act as his agent, nor given written consent to payment as required by policy; "collateral security" vesting only conditional title in creditor and giving him right to sell property or collect on policy to pay debt on debtor's failure to do so.

**INSURANCE.**

(310 Pc) Any authority of insurance company to make payment to assignee of policy as collateral security for insured's debt did not imply authority in insurer to bind insured by a new promise to pay the debt, regardless of whether payment was made before or after recovery on original debt was barred by limitations of Section 11221 GC.

**ACTIONS.**

(10 L2) New promise to pay, in order to revive debt barred by limitations, must be made by debtor or by some one under his immediate direction.

(10 L2) The principle on which part payment takes case out of the statute of limitations is that party paying intended by it to acknowledge and admit the greater debt to be due.

(10 L2) The statute of limitations is entitled to the same consideration as other statutes and should not be explained away.

(Hamilton, PJ., and Mills, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## DIETRICH v. PETERS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Stephen M. Young, Cleevland, for Dietrich.

Merrick, Fitzmartin & Walsh, Cleveland, for Peters.

LEVINE, J.

**PLEADINGS—Personal Property (420 C3)**

(440 P) Amended statement of claim setting forth contract of bailment for storing automobile, with duty of bailee to deliver automobile to bailor at bailor's request, held to state a cause of action for a breach of contract of bailment rather than for conversion.

**TRIAL.**

(590 B) In action for breach of contract of bailment for storage of automobile, a prima facie case is established by merely showing demand on the part of bailor for his automobile and failure on the part of bailee to comply therewith; burden thereupon being cast on bailee to show freedom from negligence.

**BAILMENTS.**

(60 La1) Bailee under contract of bailment is bound to take reasonable precautions for protection of bailor's property, which may require some reasonable precaution on part of employer to protect property from depredation of employee who may be tempted to steal property of bailor.

**TRIAL.**

(590 W2a) In order to reverse on the weight of evidence, judgment must be manifestly against weight of evidence.

**BAILMENTS.**

(60 La1) Act of bailee in posting signs to effect that he would not be responsible for loss to patrons by theft or fire, being unilateral in character, is not binding on bailor, unless his attention was called to sign, and he expressly or impliedly agreed to same.

**CONTRACTS.**

(150 T3) A contract, being founded on a meeting of the minds between the contracting parties, contains only such terms as are agreed on.

**AUTOMOBILES—Contracts (150 B)**

(50 I6) Defense in action for breach of contract of bailment for storage of automobile that bailor was compensated for his loss by a theft insurance company is of no avail, in that payment of claim by insurance company does not inure to benefit of bailee, being a matter entirely between insurer and bailor.

(Sullivan, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.